IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL MARKET BRANDS, | ) | Docket No. |
| | ) | |
| Plaintiff, | ) | Complaint for Declaratory Judgment |
| | ) | |
| vs. | ) | Served on behalf of: Plaintiff |
| | ) | |
| MARTIN INTERNATIONAL CORPORATION, | ) | Counsel of record for this party: |
| | ) | |
| | ) | Richard A. Lanzillo, Esq. |
| Defendant | ) | PA Id No. 53811 |
| | ) | Neal R. Devlin, Esq. |
| | ) | PA Id No. 89223 |
| | ) | Knox McLaughlin Gornall |
| | ) | & Sennett, P.C. |
| | ) | 120 West 10th Street |
| | ) | Erie, PA 16501 |
| | ) | Telephone (814) 459-2800 |
| | ) | Facsimile (814) 453-4530 |
| | ) | Email rlanzill@kmgslaw.com |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its complaint, Plaintiff International Market Brands ("IMB"), by and through its attorneys avers as follows:

**PARTIES**

1. IMB is a Pennsylvania corporation, with an address of P.O. Box. 797, 1717 E. 12th Street, Erie, Pennsylvania 16512.

2. Defendant Martin International Corp. ("Martin Corp.") is a Massachusetts corporation with an address of 7 Fid Kennedy Avenue, Boston, Massachusetts 02210.

## VENUE AND JURISDICTION

3. Jurisdiction is proper in this court because this litigation arises under federal law, namely 15 U.S.C. § 1051 et seq. This Court has jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a); and 28 U.S.C. § 2201

4. Venue is proper in this district under 28 U.S.C. § § 1391(b) and (c) because the acts complained of occurred and are occurring in the United States and in this District, and have caused damage to IMB in the United States and in this District..

5. An actual case or controversy has arisen between the parties. Martin Corp. has sent a letter to IMB requesting that IMB cease all use of the BLACK PEARL mark and abandon its trademark application for the mark BLACK PEARL; filed an opposition proceeding in the United States Patent and Trademark Office ("USPTO") against IMB's trademark application for the mark BLACK PEARL; threatened litigation against IMB; and asserted that IMB's sales of pork products under the marks BLACK PEARL and BLACK PEARL PREMIUM & Design ("IMB Marks") constitutes trademark infringement. These statements threaten injury to IMB.

## STATEMENT OF FACTS

6. Since at least as early as 2005, IMB has used the IMB Mark through its licensees in connection with the sale of pork products in the United States, including in this District.

7. On April 18, 2007, IMB filed a trademark application, namely, U.S. App. Ser. No. 77/159,769, with the USPTO for the mark BLACK PEARL in connection with "fresh pork and frozen pork." Attached as **Exhibit A** is a copy of the application for U.S. App. Ser. No. 77/159,769.

8. On June 26, 2007, IMB received a letter from counsel for Martin Corp. stating that it owned various BLACK PEARL marks, including federal registrations therefore, as used in

2

Case 1:09-cv-00081-MBC Document 1 Filed 04/08/09 Page 3 of 6

connection with certain seafood products and that purchasers of IMB's pork products sold under the IMB Marks may be confused as to the source or approval of those goods and requested that IMB cease all use of the BLACK PEARL mark and abandon U.S. App. Ser. No. 77/159,769. Attached as **Exhibit B** is a copy of the June 26, 2007 letter.

9. None of Martin Corp.'s federal registrations for the BLACK PEARL marks as used in connection with seafood were cited as a bar to registration during the USPTO's review of U.S. App. Ser. No. 77/159,769.

10. Subsequently, on October 23, 2007, the USPTO published U.S. App. Ser. No. 77/159,769 for opposition after completing its review of the application and approving it for publication.

11. On April 14, 2008, Martin Corp. filed a notice of opposition against U.S. App. Ser. No. 77/159,769. In its opposition, Martin Corp alleging that it owned various BLACK PEARL marks as used in connection with certain seafood products ("Martin Marks") and that IMB's BLACK PEARL mark was likely to cause confusion with the Martin Marks. Attached as **Exhibit C** is a copy of the Notice of Opposition.

12. On November 6, 2008, IMB filed a trademark application, namely, U.S. App. Ser. No. 77/609,203, with the USPTO for the mark BLACK PEARL PREMIUM & Design in connection with "fresh pork and frozen pork sold to institutional buyers and restaurants, not sold to grocery stores, food markets, and other retail establishments." Attached as **Exhibit D** is a copy of the application for U.S. App. Ser. No. 77/609,203.

13. On April 3, 2009, Martin Corp. called IMB and advised IMB of its intention to file a lawsuit for trademark infringement against IMB in view of IMB's use and application for registration of the IMB Marks and Martin Corp.'s alleged rights in the Martin Marks.

3

14. The IMB Marks have a different overall commercial impression than the Martin Marks as depicted below:

**IMB Marks:** **Martin Marks:**

 

15. The IMB Marks are used in connection with different and unrelated goods, namely pork products, than those offered in connection with the Martin Marks, namely seafood products.

16. IMB's goods sold under the IMB Marks are purchased by sophisticated professional buyers at institutional, wholesale food service entities, including restaurants, hotels, nursing homes, and country clubs.

17. In view of the foregoing, the IMB Marks are not likely to cause confusion with the Martin Marks.

### COUNT ONE
### Declaratory Judgment of Non-Infringement of Trademarks
### Pursuant to 28 U.S.C. § 2201

18. IMB incorporates by reference the allegation contained in paragraphs 1 through 17 as if fully set forth herein.

19. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

4

20. An actual, present and justiciable controversy has arisen between IMB and Martin Corp. concerning IMB's rights to use the IMB Marks in connection with the sale of pork products.

21. Martin Corp. has claimed that IMB's use of the IMB Marks in connection with the sale of pork products creates a likelihood of confusion with the Martin Marks and has filed an opposition in the USPTO against IMB's U.S. App. Ser. No. 77/159,769 and threatened to bring a trademark infringement lawsuit against IMB.

22. IMB seeks declaratory judgment from this Court that its use of the IMB Marks does not constitute trademark infringement of the Martin Marks or otherwise constitute unfair competition.

**WHEREFORE,** IMB respectfully requests that the Court:

(a) Enter judgment declaring that IMB's use of the IMB Marks does not infringe the Martin Marks or otherwise constitute unfair competition;

(b) Award IMB its attorney's fees and costs in this action;

(c) Enter such other further relief to which IMB may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

        BY: <u>/s/ Richard A. Lanzillo</u>
            Richard A. Lanzillo
            120 West Tenth Street
            Erie, PA 16501
            Telephone (814) 459-2800
            Email rlanzillo@kmgslaw.com
            PA53811

        Attorneys for Plaintiff,
        International Market Brands

OF COUNSEL:

HOGAN & HARTSON L.L.P.

Raymond A. Kurz
Anna Kurian Shaw
555 Thirteenth Street, NW
Washington, DC 20004
Telephone (202) 637-5687
Email ajkurian@hhlaw.com


Dated: April 8, 2009.


# 832720

6