IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL MARKET BRANDS,<br><br>  Plaintiff and Counterclaim<br>  Defendant,<br><br> vs.<br><br>MARTIN INTERNATIONAL<br>CORPORATION,<br><br>  Defendant and<br>  Counterclaim Plaintiff.<br><hr><br>MARTIN INTERNATIONAL<br>CORPORATION,<br><br>  Third-Party Plaintiff,<br><br>v.<br><br>C.A. CURTZE, INC., JACOBSTEIN<br>FOOD SERVICE, INC. and NORTHERN<br>FROZEN FOODS, INC. d/b/a<br>NORTHERN HASEROT,<br><br>  Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.  09-81<br>(Judge Maurice B. Cohill)<br><br>Electronically Filed Pleading:<br><br>**ANSWER TO THIRD-PARTY<br>COMPLAINT**<br><br>Filed on behalf of Third-Party Defendants,<br>C.A. Curtze, Inc., Jacobstein Food Service, Inc.<br>and Northern Frozen Foods, Inc. d/b/a Northern<br>Haserot<br><br><br><br>Counsel of record for these parties:<br><br>Richard A. Lanzillo, Esq.<br>PA Id No. 53811<br>Neal R. Devlin, Esq.<br>PA Id No. 89223<br>Knox McLaughlin Gornall & Sennett, P.C.<br>120 West 10th Street<br>Erie, PA 16501<br>Telephone (814) 459-2800<br>Facsimile (814) 453-4530<br>Email rlanzill@kmgslaw.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN INTERNATIONAL CORPORATION, | ) | Docket No. 09-81 |
| | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | (Judge Maurice B. Cohill) |
| | ) | |
| v. | ) | |
| | ) | |
| C.A. CURTZE, INC., JACOBSTEIN FOOD SERVICE, INC. and NORTHERN FROZEN FOODS, INC. d/b/a NORTHERN HASEROT, | ) ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**ANSWER OF THIRD PARTY DEFENDANTS C.A. CURTZE, INC., JACOBSTEIN FOOD SERVICE, INC. AND NORTHERN FROZEN FOODS, INC. D/B/A NORTHERN HASEROTS TO THIRD-PARTY COMPLAINT OF MARTIN INTERNATIONAL CORPORATION**

AND NOW, comes the Third-Party Defendants, C.A. Curtze, Inc. ("Curtze"), Jacobstein Food Service, Inc. ("Jacobstein"), and Northern Frozen Foods, Inc. d/b/a Northern Haserot ("Northern") (collectively, hereinafter "Third Party Defendants"), by and through their counsel, Knox McLaughlin Gornall & Sennett, P.C., and file this Answer to Third-Party Plaintiff, Martin International Corporation's ("Martin"), Third-Party Complaint as follows:

**PARTIES**

1.      Admit.

2.      Admit.

3.      Admit

4.      Admit.

## JURISDICTION AND VENUE

5.      Admit.

6.      Third Party Defendants admit that this Court has personal jurisdiction over Curtze, which is located and conducts business in Pennsylvania.  Third Party Defendants deny the remaining allegations of paragraph 6.

7.      Third Party Defendants admit that venue is proper in this judicial district.  Third Party Defendants deny the remaining allegations of paragraph 7.

## STATEMENT OF FACTS

Third Party Defendants deny any allegations set forth in the headers corresponding to roman numerals I-V.

I.      **Martin's Seafood Business**

8.      Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

9.      Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

10.      Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

11.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

12.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

13.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

14.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

15.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

16.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

17.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

18.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

19.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

20.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

## II.   Martin's BLACK PEARL Registrations

21.    Third Party Defendants admit that Martin is identified as the owner of record of U.S. Registration Nos. 2,221,109; 2,433,486; 3,090,816; 3,138,769; 3,151,167; and 3,240,695 in the United States Patent and Trademark Office's online records.  Third Party Defendants admit that the marks, registration dates, application dates, dates of first use, and goods referenced in paragraph 21 for U.S. Registration Nos. 2,221,109; 2,433,486; 3,090,816; 3,138,769; 3,151,167; and 3,240,695 correspond with U.S. Patent and Trademark Office online records for those respective registrations.  Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and, therefore, denies the allegations.

22.    Third Party Defendants deny the allegations of paragraph 22 as conclusions of law.

23.    Third Party Defendants deny the allegations of paragraph 23 as conclusions of law.

## III.   IMB's Applications to Register BLACK PEARL

24.    Admit.

25.    Third Party Defendants state that IMB has used the BLACK PEARL mark in connection with pork products since at least as early as January 3, 2005.  Otherwise deny.

## IV.   IMB's Licenses of the BLACK PEARL Marks to Curtze, Haserot and Jacobstein

26.    Admit.

27.    Admit.

V.    **Curtze's, Haserot's and Jacobstein's Purchases and Resales of Martin's BLACK PEARL Seafood Products and Willful Infringement**

28.    Third Party Defendants admit that subsequent to IMB's first use of the BLACK PEARL mark in connection with pork products, Curtze purchased certain seafood products from Martin.  Third Party Defendants deny the remaining allegation of paragraph 28.

29.    Deny.

30.    Deny.

31.    Deny.

32.    Deny.

33.    Deny.

34.    Deny.

35.    Deny.

VI.    **Trademark Infringement by Curtze, Haserot and Jacobstein**

36.    Third Party Defendants admit only that January 1, 1992 is earlier than the date of use of the BLACK PEARL mark by IMB.  Third Party Defendants are without knowledge or information sufficient to form a belief as to Martin's date of first use for the BLACK PEARL mark, and, therefore deny the remaining allegations in paragraph 36.

37.    Third Party Defendants admit that App. Ser. No. 77/159,769 and U.S. Reg. No. 2,433,486 both cover the BLACK PEARL  word mark.  Otherwise deny.

38.    Deny.

39.     Deny.

40.     Deny.

41.     Deny.

42.     Third Party Defendants admit that pork and seafood contain protein, among other things.  Otherwise, deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Third Party Defendants admit that pork and seafood are food items.  Otherwise, deny.

47.     Third Party Defendants admit that the BLACK PEARL Registrations do not contain a limitation on the channels of trade or consumer in the respective recitation of goods for each of the registrations.  Otherwise, deny.

48.     Deny.

49.     Admit.

50.     Third Party Defendants admit that certain third parties have referred to IMB's BLACK PEARL pork products as BLACK PEARL in the description of menu items on certain restaurant menus.  Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, deny the allegations.

51.     Third Party Defendants admit that IMB's BLACK PEARL pork products have been sold to restaurants that also serve seafood products.  Otherwise deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

## COUNT I
### (Federal Trademark Infringement)

58.   In response to paragraph 58, Third Party Defendants incorporate by reference paragraphs 1 through 57 of this Answer.

59.   Third Party Defendants admit that Martin is identified as the owner of record of U.S. Registration Nos. 2,221,109; 2,433,486; 3,090,816; 3,138,769; 3,151,167; and 3,240,695 in the United States Patent and Trademark Office's online records.  Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 and, therefore, deny the allegations.

60.   Deny.

61.   Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

62.   Deny.

63.   Deny.

64.   Deny.

65.   Deny.

66.   Third Party Defendants admit the first sentence of paragraph 61.  Third Party Defendants deny the second sentence of paragraph 61.

67.   Deny.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.


## COUNT II
### (False Designation and Representation of Origin and Unfair Competition)

73.     In response to paragraph 73, Third Party Defendants incorporate by reference paragraphs 1 through 72 of this Answer.

74.     Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the allegations.

75.     Deny.

76.     Deny.

77.     Deny.

78.     Deny.

79.     Deny.

80.     Deny.

81.     Third Party Defendants admit the first sentence of paragraph 81.  Third Party Defendants deny the second sentence of paragraph 81.

82.     Deny.

83.     Deny.

84.     Deny.

85.     Deny.

**<u>AFFIRMATIVE DEFENSES</u>**

1.     Defendant/Third-Party Plaintiff has failed to state a claim upon which relief can be granted.

2.     Defendant/ Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

3.     Defendant/ Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4.     Defendant/ Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

5.     Defendant/ Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

6.    Defendant/ Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of relief.

7.    Defendant/ Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

8.    Defendant/ Third-Party Plaintiff's claims must be denied to the extent they are based upon its own or another party's actions, omissions and/or conduct.

WHEREFORE, Third-Party Defendants, C.A. Curtze, Inc., Jacobstein Food Service, Inc., and Northern Frozen Foods, Inc. d/b/a Northern Haserot, request that the Court dismiss Defendant/Third-Party Plaintiff's Third-Party Complaint and award attorney fees, costs of suit and such other relief to Third-Party Defendants as authorized by law.

Respectfully submitted,

KNOX MCLAUGHLIN GORNALL &
SENNETT, P.C.


BY:  /s/Richard A. Lanzillo
        Richard A. Lanzillo, Esq.
        120 West Tenth Street
        Erie, Pennsylvania 16501
        (814) 459-2800

        Attorneys for Third-Party Defendants,
        C.A. Curtze, Inc., Jacobstein Food Service,
        Inc. and Northern Frozen Foods, Inc. d/b/a
        Northern Haserot

# 844132.v1

11